977 F.2d 585
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
FRIED TRADING COMPANY, Plaintiff-Appellee,
v.
Ezra AUSTERN and Esther Austern, Defendants-Appellants.
 No. 91-1246.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 16, 1991.
Decided Oct. 5, 1992.
 
 Before COFFEY, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Our order of April 27, 1992 remanded this case to the district court with the instruction that Fried Trading Company (FTC) be allowed to amend its complaint, if possible, to properly allege diversity jurisdiction. For diversity jurisdiction, 28 U.S.C. § 1332 requires that the matter in controversy exceed the sum of $50,000 and be between citizens of different states. There must be "complete diversity" of citizenship between the parties. See Strawbridge v. Curtiss, 3 Branch 267 (1806).
 
 
 2
 It is well-established that for the purposes of diversity jurisdiction, the citizenship of a partnership is that of each of its general and limited partners. Carden v. Arkoma Assoc., 110 S.Ct. 1015, 1021 (1990); Northern Trust Co. v. Bunge Corp., 899 F.2d 591, 593 (7th Cir.1990); F. & H.R. Farman-Farmaian Consulting Engineers Firm v. Harza Engineering Co., 882 F.2d 281, 284 (7th Cir.1989). Since a partner supplies, in part, the partnership's citizenship, no diversity jurisdiction exists in a suit between a partnership and one of its partners.
 
 
 3
 In its amended complaint, FTC alleges that on October 29, 1986, the date the original complaint was filed, whether Esther Austern was a partner in FTC is unclear. The district court held that FTC's amended petition fails to allege diversity jurisdiction. In so ruling, the court found that Ester Austern was a limited partner of FTC when the original complaint was filed. On appeal, FTC concedes that Esther Austern was a limited partner at the time the original complaint was filed. Brief for Appellee 2. Since the district court found and FTC on appeal concedes that Esther Austern was a limited partner of FTC at the time the original complaint was filed, her citizenship partially supplies FTC's citizenship and no diversity jurisdiction exists. This case is DISMISSED for want of subject matter jurisdiction.